IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CLEVELAND R. LOWMAN,** | Case No. 13-cv-1729-JLS-PCL |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| **v.** | |
| **GARY SWARTHOUT, Warden,** | |
| Respondent. | |

## I. INTRODUCTION

Cleveland R. Lowman ("Petitioner"), a state prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 24, 2013. (Doc. 1.) Petitioner seeks relief from his September 2000 convictions in which he pled guilty in San Diego County Superior Court, San Diego, California, to: (1) driving under the influence of alcohol or drugs, with injury (Vehicle Code §20001(a)); (2) false imprisonment (Penal Code §§236/237(a)); and (3) possession of cocaine (Health and Safety Code §11350). (Id.)

Petitioner raises three grounds for habeas relief: (1) improper sentencing enhancements; (2) ineffective assistance of counsel; (3) ineffective assistance of appellate counsel. (Id.)

Now before the Court is Respondent's Motion to Dismiss. (Doc. 6.) After reviewing the petition (Doc. 1), Motion to Dismiss (Doc. 6), and Opposition (Doc. 8), the Court recommends that the Motion to Dismiss be **GRANTED**.

# II. BACKGROUND

The California Court of Appeal summarized the pertinent background regarding Petitioner's convictions, appeals, trial and appellate counsel, and timeliness as follows:

*Guilty Plea and Appeal*

Lowman pleaded guilty to driving under the influence of alcohol or drugs causing injury (Veh. Code, § 23153, subd. (a); count 1); hit and run causing injury (Veh. Code, § 20001, subd. (a); count 2; false imprisonment by violence, menace, fraud, or deceit (Pen. Code, §§ 236, 237, subd. (a); count 3; and possession of cocaine base (Health & Saf. Code, § 11350, subd, (a); count 4). As to count 1, he additionally admitted allegations that in the course of committing the offense he personally inflicted great bodily injury on another person who was not an accomplice (§§ 667, subd. (a)(1), 668) and three prior strike convictions (§§ 667, subd. (b)-(I), 668, 1170.12). The trial court sentenced him to an aggregate term of 43 years to life in prison under the three strike law.

Lowman pleaded guilty just before his jury trial was to commence. That same day, presumably in anticipation of the jury trial, the prosecutor filed a trial brief listing Lowman's prior strike convictions, which included a 1985 New York third degree robbery conviction and a1985 New York attempted second degree robbery conviction. (The other prior strike conviction, which Lowman is not challenging in this petition, was a 1992 California robbery conviction.)[1] The brief described the conduct underlying the New York third degree robbery conviction as "[d]efendant took a wallet from a person." The brief described the conduct underlying the New York second degree robbery conviction as "[a]cting with two others, Defendant took jewelry from a person. One accomplice had a gun."

Lowman appealed and requested a certificate of probable cause, asserting the trial court erred in sentencing him to 43 years to life because his trial counsel told him after discussing the matter with the trial judge, that he would be getting a sentence of between 16 and 24 years. The trial court denied the certificate of probable cause. Consequently, we notified the parties that Lowman's appeal was "limited to the denial of a suppression motion (Pen. Code sec. 1538.5), if any, and sentencing or other matters occurring after the plea." (§ 1237.5.)

In his appellate brief, Lowman claimed the trial court violated section 654 by imposing a sentence for both his driving-under-the-influence-causing-injury conviction and his hit-and-run conviction. We rejected this contention and affirmed the judgment. (*People v. Lowman* (Sept. 26, 2001, D036769) [nonpub. Opn.].)

*First Habeas Petition*

In a companion petition for writ of habeas corpus (first habeas petition), Lowman sought to withdraw his guilty plea, contending his trial counsel provided ineffective assistance by misrepresenting to him

---

1. The California Court of Appeals includes this as a footnote. (Doc. 7-4, at 56., fn. 3)

he would receive a sentence of between 16 to 24 years in prison if he pleaded guilty. We denied the petition without prejudice because it failed to state a prima facie case for relief. We further indicated Lowman could file another petition in the trial court if he could "state with *particularity* what the trial court told [trial] counsel leading to [trial] counsel's interpretation that the court would impose a sentence between 16 and 24 years. . . ." (*In re Lowman* (Sept. 26, 2001, D037523).)

*Second Habeas Petition*

*Three years later*, Lowman filed another petition for writ of habeas corpus in this court (second habeas petition). Among the issues raised in the second habeas petition, Lowman once again claimed his trial counsel provided ineffective assistance by misrepresenting to him he would receive a sentence of between 16 and 24 years if he pleaded guilty. He additionally claimed the prosecutor failed to prove his New York convictions qualified as strikes under California law, and failed to fulfill his constitutional obligations to produce exculpatory evidence showing his New York convictions did not, in fact, qualify as strikes. He also claimed his trial counsel provided ineffective assistance by failing to investigate whether his New York convictions qualified as strikes and by advising him to admit his New York convictions were prior strike convictions when the prosecution could not prove they were.

We issued an order to show cause and appointed Lowman's former appellate counsel as his habeas counsel (appellate counsel). We Further authorized appellate counsel to submit an amended petition and additional supporting documents on his behalf. Appellate counsel submitted a supplemental letter brief, which we deemed to be a supplemental petition, addressing whether Lowman's trial counsel provided ineffective assistance by misrepresenting to him he would receive a sentence of between 16 and 24 years if he pleaded guilty.

We subsequently referred the matter to a referee for an evidentiary hearing on two main questions: (1) whether the trial court indicated it would impose a determinate sentence of 16 to 24 years if Lowman pleaded guilty and, if not, (2) whether trial counsel misadvised Lowman he would receive such a sentence if he pleaded guilty? After conducting the evidentiary hearing the referee found the trial court did not indicate it would impose a sentence of between 16 to 24 years if Lowman pleaded guilty. The referee further found there was insufficient evidence to establish trial counsel misadvised Lowman he would receive such a sentence if he pleaded guilty.

Lowman and appellate counsel both filed objections to the referee's findings. Lowman's objections included the argument that his New York convictions did not qualify as strikes under California law. He additionally claims his appellate counsel provided ineffective assistance by failing to investigate and challenge the use of his New York convictions as strikes.

When we received the current [third] petition, we requested through the court clerk that the People submit an informal response addressing, in addition to any other issues raised by the petition, whether Lowman's New York convictions qualified as strikes under California law. We also requested more specifically that the response address whether New York's robbery statute requires a taking from the victim's person or immediate presence as California's robbery

13-cv-1729-JLS-PCL

statute does.

    The People's informal response did not address either question. Rather, the People asserted we should deny the petition because: (1) Lowman admitted his New York convictions were strikes; (2) the trial court denied him a certificate of probable cause and he cannot circumvent the denial of certificate of probable cause with a habeas petition; (3) the petition is procedurally barred; and (4) the petition is barred by the doctrine of laches.

    After receiving and reviewing an informal reply from Lowman, we issued an order to show cause (OSC) to consider the matter further. In the OSC, we did not request further briefing from the parties. Instead, we indicated that absent an objection by a specific date, the informal response and informal reply, "will be deemed the return and traverse to the [OSC]." That is what ultimately occurred. (The dissent faults the People's failure to address the questions we posed in our request for an informal response, suggesting our questions obligated the People to attempt to show Lowman's New York convictions were valid strikes. While we expect and greatly appreciate direct responses to the questions we pose, we are also mindful we cannot through our questioning shift an evidentiary burden from one party to another. In this proceeding, it is Lowman who has the burden of proving his New York convictions are not strikes, not the People who have the burden of proving they are. (*In re Martinez* (2009) 46 Cal.4th 945, 955-956 (*Martinez*).))[2]

(Doc. 7-4, at 55-61.)

    On January 1, 2012, the California State Court of Appeals found this, Petitioner's third state habeas petition, was procedurally barred as repetitive, successive, substantially delayed, and untimely. (Id. at 61-65.) Further, no exception to successiveness or untimeliness applied. (Id. at 65-68.)

    The state appellate court also found, assuming *arguendo* the procedural bars did not apply, that Petitioner's trial counsel was not ineffective in regard to investigation or advice concerning the New York prior convictions. (Id. at 70-74.) Nor did Petitioner establish that any alleged deficiency of trial counsel prejudiced him. (Id. at 74.) Similarly, the state appellate court held Petitioner's claims that his habeas counsel was ineffective failed because there is no constitutional right to effective assistance of counsel in a state habeas proceeding. (Id. at 78.)

    On March 2, 2012, Petitioner filed a habeas corpus petition in the California

---

2.  The California Court of Appeals includes this as a footnote. (Doc. 7-4, at 61, fn. 6.)

1   Supreme Court, on the same grounds. (Lodgement 3.) The California Supreme
2   Court denied relief. (Lodgement 6.)

3     Now before the Court is the Petitioner's first federal habeas petition, filed on
4   July 24, 2013. (Doc. 1.)

**III. DISCUSSION**

6     **A. Exhaustion**

7     A state prisoner must exhaust his state court remedies before petitioning for
8   a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); Baldwin v.
9   Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004); O'Sullivan
10  v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1738, 144 L.Ed.2d 1 (1999);
11  Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). "The
12  exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and
13  (c), reflects a policy of federal-state comity, an accommodation of our federal
14  system designed to give the State an initial opportunity to pass upon and correct
15  alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270,
16  275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (internal quotation marks, citations
17  and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S.Ct. at 1732; Crotts v.
18  Smith, 73 F.3d 861, 865 (9th Cir.1996).

19    The exhaustion requirement is satisfied when "the federal claim has been
20  fairly presented to the state courts." Picard, 404 U.S. at 275, 92 S.Ct. at 512;
21  Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995)
22  (per curiam). The purpose of the "fair presentation" requirement is to "provide the
23  state courts with a 'fair opportunity' to apply controlling legal principles to the
24  facts bearing upon [petitioner's] constitutional claim." Anderson v. Harless, 459
25  U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); Solis v. Garcia,
26  219 F.3d 922, 930 (9th Cir.2000), cert. denied, 534 U.S. 839, 122 S.Ct. 94, 151
27  L.Ed.2d 55 (2001). Thus, "[f] air presentation requires that the petitioner must
28  present 'both the operative facts and the federal legal theory on which his claim is

based' " to the state courts, <u>Koerner v. Grigas</u>, 328 F.3d 1039, 1046 (9th Cir.2003) (citation omitted); <u>Cockett v. Ray</u>. 333 F.3d 938, 942 (9th Cir.2003), and petitioner "must have 'characterized the claims he raised specifically as federal claims.' " <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (citation omitted), cert. denied, 546 U.S. 818, 126 S.Ct. 348, 163 L.Ed.2d 58 (2005); <u>Lyons v. Crawford</u>, 232 F.3d 666, 670 (9th Cir.2000), amended by, 247 F.3d 904 (9th Cir.2001). To do so, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." <u>Castillo</u>. 399 F.3d at 999; <u>Peterson</u>, 319 F.3d at 1158. However, "[m]ere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." <u>Castillo</u>, 399 F.3d at 999 (citation omitted); <u>Gray v. Netherland</u>, 518 U.S. 152, 163, 116 S.Ct. 2074, 2081, 135 L.Ed.2d 457 (1996); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1021 (9th Cir.), cert. denied, 546 U.S. 1037, 126 S.Ct. 738, 163 L.Ed.2d 579 (2005). "Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." <u>Castillo</u>, 399 F.3d at 999; <u>Hivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999), cert. denied, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

Petitioner raises three grounds for habeas relief: (1) improper sentencing enhancements; (2) ineffective assistance of counsel; and (3) ineffective assistance of appellate counsel. (Doc. 1.) The grounds for relief raised and exhausted by the Petitioner in state habeas petition include: (1) whether his New York convictions constituted strike priors resulting in improper sentencing enhancements; (2) ineffective assistance of counsel; and (3) ineffective assistance of appellate counsel. (Lodgement 3.)

Because the grounds raised in Petitioner's federal habeas petition are identical in name, and substance, to those in his state petition which went to the state Supreme Court, the Court finds Petitioner's grounds for relief are exhausted.

13-cv-1729-JLS-PCL

**B. Untimeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). A direct appeal becomes final upon the later of: (1) the expiration of the time for seeking review in the relevant state supreme court; or (2) if a petitioner seeks review in the Supreme court, the conviction is affirmed or the petition for certiorari is denied. Gonzalez v. Thaler, 132 S.Ct 641, 654–55 (2012); Hemmerle v. Schriro, 495 F.3d 1069, 1073–74 (9th Cir.2007), cert. denied, 555 U.S. 829 (2008). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Respondent argues that the petition before the Court is procedurally defaulted because the procedural bars to relief in the state courts are independent and adequate to bar federal review of the merits of the claims. (Doc. 6-1, at 11.) Petitioner asserts that his petition should be afforded equitable tolling of the AEDPA, discussed below. (Doc. 1, at 25.) Thus, both the parties acknowledge that Petitioner failed to timely file his federal habeas petition. This Court agrees.

Notwithstanding the parties' concession that the petition is untimely, the Supreme Court has found that California's timeliness bar is adequate to preclude federal habeas corpus review. See e.g., Martin v. Walker, 131 S. Ct. 1120 (2011) (state prisoner petitioned for federal habeas relief on grounds that underlaid earlier state court habeas petition and was denied relief on independent and adequate state law grounds, to wit, because the petition was not filed without "substantial delay," but rather was filed nearly five years after petitioner's conviction became final). The petition was deemed untimely on independent and adequate state procedural

13-cv-1729-JLS-PCL

bars, see Doc. 7-6, at 11, and this Court finds the timeliness bar adequate to preclude federal habeas review.

Further, Petitioner's direct appeal of his conviction to the California Supreme Court, which denied review, occurred on December 12, 2001. (Lodgement 1.) A ruling affirming conviction and sentence, as here, is a final order. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2000). Where a state prisoner has sought direct review of conviction in state's highest court but does not file petition for certiorari from United States Supreme Court, the one-year limitations period for seeking federal habeas review, pursuant to AEDPA, begins to run not on date that state court entered judgment, but on date that time for seeking certiorari expires, i.e., ninety (90) days. 28 U.S.C.A. § 2244(d)(1)(A). Thus, the Petitioner's conviction was final on March 12, 2001. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).

The one-year statue of limitations commences on the day following finality pursuant to 28 U.S.C. § 2244(d)(1)(A). See Mayle v. Felix, 545 U.S. 644, 662 (2005). No exception to the date of finality applies. See 28 U.S.C. § 2244 (d)(1)(B)-(D). Thus, Petitioner's statute of limitations expired on March 12, 2002, absent tolling.

Petitioner did not file this federal habeas petition until July 22, 2013, more than eleven years after the expiration of the statute of limitations. (Doc. 1.) The Court of Appeals found the petition untimely and successive. See Doc. 7-6, at 11. Although Petitioner argues he is entitled to statutory tolling, he acknowledges that such tolling is only appropriate when timely "under state law." (Doc. 1, at 25, quoting Carey v. Saffold, 536 U.S. 214 (2002).) Here, the petition is clearly untimely under state law and will not be afforded statutory tolling.

In conclusion, the petition is untimely both by admission of the parties, and by a review of the dates. Unless the Petitioner is entitled to equitable tolling of the statute of limitations, considered below, his petition will be procedurally barred.

13-cv-1729-JLS-PCL

## C. Equitable Tolling

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A petitioner is only entitled to equitable tolling if he can establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir.2009)(internal quotations and citations omitted); Holland, 130 S.Ct. at 2563. Further, the petitioner must show that the extraordinary circumstances actually caused the untimeliness. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003). Additionally, "extraordinary circumstances" does not include a *pro se* petitioner's inability to calculate the limitations period, nor his ignorance of the law. Rasberry v. Garcia, 448 F.3d 1150, 1154 (2006). Equitable tolling is thus "unavailable in most cases," and the threshold for its application is "very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002).

Petitioner argues he should be afforded equitable tolling because: (1) he has diligently been pursuing his rights (Doc. 1, at 27); (2) the nature of his claim is a Constitutional violation (Id. at 29-30); and (3) the petition fits within 28 U.S.C. §2244(b)(2)(B)(ii), which allows a claim presented in a second or successive habeas corpus application under §2254 that was not presented in a prior application, if:

> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(28 U.S.C.A. § 2244.)

As to Petitioner's claim of diligence, the law states that no tolling applies between rounds of state challenges. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Nor does tolling apply during unreasonably length gaps between state

13-cv-1729-JLS-PCL

petitions. <u>Evans v. Chavis</u>, 546 U.S. 189 (2006); <u>Gaston v. Palmer</u>, 447 F.3d 1165 (9th Cir. 2006). Thus, it is highly unlikely that a court could find Petitioner has been pursuing his rights diligently, given the multiple and lengthy gaps between his post-conviction litigation. For example, Petitioner's state petition in case number D045032 was denied on September 27, 2005 (Lodgement 1, Exhibit M), but Petitioner did not submit a state habeas corpus petition until March 7, 2011 (Lodgment 2, Exhibit B). Further, no tolling applies when a state court determines that the state petition was not timely filed, as the state courts found here. (Doc. 7-6, at 11.) <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of §2244(d)(2)") (internal quotations omitted).

As to the second requirement for equitable tolling, that some extraordinary circumstance stood in Petitioner's way to filing his petition, <u>see</u> <u>Holland</u>, 130 S.Ct. at 2563, Petitioner does not claim any such circumstance existed. (<u>See</u> Doc. 1, 29-30.) Rather, Petitioner argues that "errors of a Constitutional nature are causes for equitable tolling of both State and AEDPA created limitations of actions." (<u>Id.</u> at 30.) Petitioner asserts that this conclusion follows from the holding in <u>In re Robbins</u>, 18 Cal.4th 770 (1998), which states in pertinent part:

> A claim that is substantially delayed without good cause, and hence is untimely, nevertheless will be entertained on the merits if the petitioner demonstrates (i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted petitioner

<u>In re Robbins</u>, 18 Cal.4th, 780-781. This is clearly a misreading of <u>In re Robbins</u>. That case does not stand for the proposition that *any* constitutional violation entitles a petitioner to unlimited equitable tolling. <u>C.f.</u> <u>Miranda v. Castro</u>, *supra* at 1066. Rather, <u>In re Robbins</u> states that it must have been an error "of constitutional magnitude" that would have prevented a reasonable judge or jury from *convicting* petitioner at trial. <u>In re Robbins</u>, 18 Cal.4th, 780-781.

Petitioner's grounds for habeas relief are: (1) there were improper sentencing

enhancements; (2) ineffective assistance of counsel by failing to investigate the propriety of the sentencing enhancements; and (3) ineffective assistance of appellate counsel by failing to investigate the propriety of the sentencing enhancements. (Doc. 1.) None of these, even if meritorious, would have resulted in a different conviction because sentencing enhancements do not affect guilt or innocence, nor does counsel's (trial or appellate) failure to argue against the sentencing enhancements. Similarly, Petitioner's waiver of proof of the New York priors, which Petitioner argues "resulted in the loss of a fundamental right to challenge an assertion of the District Attorney regarding the alleged priors," would not have affected the outcome of the conviction because it would not have touched the elements of any of the charged crimes. (Doc. 1, at 47.)

Even assuming, *arguendo*, that Petitioner has been diligent in litigation and pursuit of remedies, his failure to explain what extraordinary circumstance stood in the way of filing his petition, and how those circumstances actually caused its untimeliness, is fatal to his claim of equitable tolling. Ramirez, 571 F.3d 993, 997; Holland, 130 S.Ct., 2563;  Spitsyn, 345 F.3d 796, 799. As explained above, without equitable tolling this petition is procedurally barred.

Based on the foregoing, this Court recommends Respondent's Motion to Dismiss be **GRANTED**.

### IV. CERTIFICATE OF APPEALABLITY

If the district court adopts the Report and Recommendation to dismiss this matter without prejudice, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Lowman not be issued a COA. No jurist of reason could disagree with this Court's decision to dismiss this petition, repeatedly found to be untimely after more than a decade of litigation, and without even alleging adequate circumstances for equitable tolling. Mr. Lowman should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## V. CONCLUSION

The Court submits this Report and Recommendation to United States District Judge Janis L. Sammartino under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of California. For the reasons set forth above, this Court recommends that Petitioner's petition for writ of habeas corpus be denied and that this action be dismissed without prejudice. This Court further recommends that a certificate of appealability be denied.

**IT IS ORDERED** that no later than **April 7, 2014,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 14, 2014**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED: 3/17/14

Peter C. Lewis
United States Magistrate Judge

cc:    The Honorable Jannis L. Sammartino
       All Parties and Counsel of Record

13-cv-1729-JLS-PCL