# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND R. LOWMAN,<br><br>       Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, *et al.*,<br><br>       Respondents. | Case No. 13-cv-1729-BAS(PCL)<br><br>**ORDER:**<br><br>**(1) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(3) GRANTING RESPONDENTS' MOTION TO DISMISS; AND**<br><br>**(4) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**[ECF Nos. 6, 9]** |

  On July 24, 2013, Petitioner Cleveland R. Lowman, a state prisoner who is represented by counsel, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from his September 2000 convictions in which he pled guilty to: (1) driving under the influence of alcohol or drugs with injury; (2) false imprisonment; and (3) possession of cocaine. A sentence of 43 years to life under the three-strikes law followed. On March 17, 2014, United States Magistrate Judge Peter C. Lewis issued a Report and Recommendation ("report") recommending that this Court: (1) grant

Respondents' motion to dismiss the petition as procedurally barred and dismiss this action without prejudice; and (2) decline issuing a certificate of appealability. Petitioner filed objections to the report.

For the following reasons, the Court **OVERRULES** Petitioner's objections, **APPROVES** and **ADOPTS** the report, **GRANTS** Respondents' motion to dismiss, dismissing this action without prejudice, and **DECLINES** to issue a certificate of appealability.

## I.   LEGAL STANDARD

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

//

## II.     ANALYSIS[1]

The magistrate judge makes three relevant findings in the report: (1) Petitioner satisfied § 2254's exhaustion requirements; (2) the petition was untimely; and (3) equitable tolling does not apply.  He also finds that Petitioner's conviction was final on March 12, 2001.  (Report 8:12–13.)  Petitioner does not challenge the magistrate's exhaustion and untimeliness findings in his objections.  His objections focus squarely on the issue of equitable tolling.

Equitable tolling has been deemed appropriate in cases arising under § 2244 if the petitioner can show: (1) that he or she has been diligently pursuing his or her rights and (2) that an extraordinary circumstance prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).  The petitioner must show that the extraordinary circumstances actually caused the untimeliness.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  That includes a petitioner's inability to correctly calculate the limitations period.  *Id.*  Consequently, equitable tolling is "unavailable in most cases" and has a "very high" threshold before it can be applied.  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

### A.     Diligence and Extraordinary Circumstances

Petitioner asserts that he "has diligently pursued his appeal rights but did so absent effective counsel."  (Pet'r's Objections 6:10–11.)  However, he fails to produce any evidence to support that proposition.  Though *Holland* held that the diligence required was "reasonable diligence" and not "maximum feasible diligence," Petitioner fails to adequately provide support to demonstrate that he meets even the reasonable-

---

[1] The Court adopts and incorporates by reference all portions of the report that Petitioner does not object to.  That includes the factual background presented in the report.

diligence standard. *See Holland*, 560 U.S. at 649. Rather, the record before this Court suggests the opposite.

Petitioner's first state habeas petition was filed on March 7, 2001 and denied December 12, 2001; the second state habeas petition was filed on September 13, 2004 and denied September 27, 2005; and the third state habeas petition was filed on May 16, 2011 and denied on January 31, 2012. Contrary to Petitioner's position on this issue, the significant gaps in the time periods between the three aforementioned petitions—totaling three and seven years, respectively—reflect the greater likelihood that he did not pursue his rights diligently. The California Court of Appeals' determination that Petitioner's third state habeas petition was untimely only further supports this Court's conclusion that Petitioner was not diligent in pursuing his rights.

Furthermore, Petitioner fails to specifically address any "extraordinary circumstances" even though he references the requirement throughout his objections. Consequently, even if Petitioner had successfully demonstrated diligence, he would have failed to satisfy the extraordinary-circumstances requirement for equitable tolling. *See Ramirez*, 571 F.3d at 997. That, in turn, necessarily means that he would have failed to show that the extraordinary circumstances actually caused the untimeliness. *See Spitsyn*, 345 F.3d at 799.

Petitioner also argues that the habeas petition is timely because challenges to the length of sentence "are always reviewable despite the passage of time" and "regardless of whether an objection or argument was raised in the trial and/or reviewing court." (Pet'r's Objections 6:19–25 (internal quotation marks omitted).) He string cites three cases to support that proposition: *People v. Smith*, 29 Cal. 4th 849, 852 (2002); *People v. Scott*, 9 Cal. 4th 331, 354 (1984); and *In re Ricky H.*, 30 Cal. 3d 176, 191 (1991). Petitioner misreads these cases. These cases do not stand for the proposition that a challenge to the length of a sentence may be raised whenever one pleases or beyond the statute of limitations. Rather, these cases hold that challenges to the length of the sentence are preserved on appeal—meaning they are not waived—regardless of

1 whether an objection was made in the lower court. *See Smith*, 24 Cal. 4th at 852; *In re Rickey H.*, 30 Cal. 3d at 191; *Scott*, 9 Cal. 4th at 354.

In sum, Petitioner fails to demonstrate that he has diligently pursued his rights and that an extraordinary circumstance prevented timely filing of his federal habeas petition. *See Holland*, 560 U.S. at 649; *Ramirez*, 571 F.3d at 997.

### B.   Application of *McQuiggin v. Perkins*

Petitioner argues that the "miscarriage of justice" exception in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), entitles him to equitable tolling. (Pet'r's Objections 9:3–8.) This Court disagrees.

*McQuiggin* states, in pertinent part, that:

> To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing. . . . "[A] court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].

*McQuiggin*, 133 S. Ct. at 1926 (citations omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 332 (1995)). Specifically, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *Id.* at 1928. However, the court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (citing *Schlup*, 513 U.S. at 329; *House v. Bell*, 547 U.S. 518, 538 (2006)) (emphasis added). In *McQuiggin*, the defendant asserted actual innocence of the first-degree-murder conviction, and presented newly discovered evidence in the form of three affidavits, each pointing to an alternative alleged perpetrator as the murderer. *Id.* at 1930, 1936.

Here, Petitioner claims "actual innocence of a crime alleged in a prior strike" which was the product of another case prosecuted in New York, and not the crime for which he was convicted of in this case. (Pet'r's Objections 9:3–8.) That distinction already removes this case from the scope of *McQuiggin*.

However, even assuming, for the sake of argument, that the circumstances of this case fall within the scope of *McQuiggin*, Petitioner fails to provide new evidence to indicate his actual innocence. He fails to provide or identify new evidence with his petition or opposition to Respondents' motion to dismiss, and certainly fails to do so with his objections to the report. As a result, an essential threshold requirement to invoke the miscarriage-of-justice exception is not present here—new evidence. Therefore, in failing to present any new evidence, Petitioner fails to satisfy the requirements set forth in *McQuiggin* to entitle him to equitable tolling through the miscarriage-of-justice exception. *See McQuiggin*, 133 S. Ct. at 1926-28.

### III. CONCLUSION & ORDER

After considering Petitioner's objections and conducting a *de novo* review, the Court concludes that the magistrate judge's reasoning in the report is sound. Petitioner's habeas petition is untimely, is not entitled to equitable tolling, and is not saved by the miscarriage-of-justice exception. In light of the foregoing, the Court **OVERRULES** Petitioner's objections, **APPROVES** and **ADOPTS** the report in its entirety, **GRANTS** Respondents' motion to dismiss, and **DISMISSES WITHOUT PREJUDICE** the petition.

Moreover, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Here, Petitioner has not made the requisite showing.  Because reasonable jurists would not find the Court's assessment of the claims in the petition debatable or wrong, the Court **DECLINES** to issue a certificate of appealability.  *See Slack*, 529 U.S. at 484.

**IT IS SO ORDERED.**

**DATED: September 22, 2014**

*[signature]*
**Hon. Cynthia Bashant
United States District Judge**